BY THE COURT.
 

 —Upon the evidence in this case, we are of opinion, that the Brig, at the time of her capture, was the property of
 
 Imperial
 
 subjects at
 
 Ostend,
 
 and that the cargo was
 
 British
 
 property, unprotected by the capitulation of
 
 Dominica.
 

 It is objected,
 
 "
 
 The Brig is not prize, because neutral property.”
 

 Neutral property cannot be captured: For, while the character of neutrality is preserved, such property is the property of a friend, on which the rights of war cannot
 
 attach,
 
 but the owners of a ship may violate their neutrality, by taking a decided part with the enemy: In what light is such a ship then to be considered, and what is to be done with her? The law of nations says, that a ship under those circumstances, is in the predicament of enemy’s property, and subject to seizure and confiscation.
 

 But it is said,
 
 “
 
 the ordinance of Congress ascertains in what cases the rights of neutrality are forfeited; that the present case is not comprehended; and therefore, if not protected by the law of nations, yet it is protected by the ordinance of Congress. ”
 

 We are of opinion, that Congress did not mean, by their ordinance, to ascertain in what cases the rights of neutrality should be forfeited, in exclusion of all other cases; for, the instances not mentioned are as flagrant as the cases particularized. The ordinance does not specify the case of a neutral vessel employed in carrying provision to a place which is besieged, and in want of bread : For, altho’ one of the articles says, “ You shall per-“mit all neutral vessels freely to navigate on the high seas, “or the coasts of America, except such as are employed in car-“rying contraband goods, or soldiers, to the enemy;” yet another article says, that the term
 
 contraband
 
 shall be confined to the articles there enumerated, and provision is omitted. Were
 
 *35
 
 Congress asked, whether they meant to protect from capture, a neutral ship loaded with provision, and destined for
 
 York
 
 and Gloucester, when besieged by the armies of the
 
 United States
 
 and France, no one could possibly doubt what their answer would be. The plain and obvious construction of the ordinance is, that while neutral vessels observe the rights of neutrality, they shall not be interrupted by
 
 American
 
 captures: Congress meant to pay a regard to the rights, and not to the violations of neutrality.
 

 But, it is objected, “that in this case, if the Brig has violated the rights of neutrality, it is because she intended a violation of the capitulation of
 
 Dominica
 
 ; that the capitulation of
 
 Dominica
 
 can only be considered as a local law, of which there can be no breach, until the offending ship comes within the civil jurisdiction of the island; that the Brig was captured before the arrival within the jurisdiction of
 
 Dominica;
 
 and that therefore she was captured, before there was any violation of the rights of neutrality.”
 

 If nothing could be objected against the Brig, but an intentional violation of the capitulation, abstractedly from the consequences, with regard to the war between
 
 Great
 
 Britain, France, and the
 
 United States,
 
 possibly such reasoning might be conclusive: But we are of opinion, that the Brig has done more than a mere intentional offence, with regard to the capitulation.
 

 The subjects of a neutral nation, cannot, consistently with neutrality, combine with
 
 British
 
 subjects, to wrest out of the hands of the
 
 United States
 
 and of
 
 France,
 
 the advantages they have acquired over
 
 Great Britain
 
 by the rights of war; for, this would be taking a decided part with the enemy.
 

 On the conquest of
 
 Dominica
 
 a capitulation took place, and by that capitulation, a commercial intercourse between
 
 Great Britain
 
 and that Island was prohibited: The object was to weaken the power of
 
 Great Britain,
 
 by lessening her naval and commercial resources. But what has been the conduct of the Brig and the
 
 Imperial
 
 subjects her owners ?
 
 Kender Mason,
 
 a
 
 British
 
 subject, establishes a plan at
 
 Ostend,
 
 by which the commerce of
 
 Great Britain
 
 with
 
 Dominica
 
 is to be kept up and preserved, thro’ the intervention of that port. On this plan
 
 Liebert, Beas, Dardine
 
 &
 
 Co. Imperial
 
 subjects, purchase at
 
 London
 
 the Brig Erstern:
 
 Kender Mason
 
 puts on board a cargo of
 
 British
 
 merchandize, the property of
 
 British
 
 subjects : The Brig clears out from
 
 London,
 
 ostensibly for
 
 Ostend,
 
 and there arrives: Liebert, Beas,
 
 Dardine
 
 &
 
 Co.
 
 supply her with false and colourable papers, assume upon themselves the ownership of the cargo, and dress it up in the garb of neutrality, to screen it from detention and capture: The Brig then clears out for
 
 Dominica,
 
 and sails for that Island with the cargo she took on board at London.
 

 
 *36
 
 Can such conduct consist with neutrality? Can there be a more flagrant violation of it? Does it not aim to wrest, from
 
 France
 
 and the
 
 United States,
 
 the advantages they acquired by the conquest of
 
 Dominica
 
 : And does it not evince a fraudulent combination with
 
 British
 
 subjects, and a palpable partiality?
 

 But, “ why shall the rights of neutrality be broke by works of supererogation? If the cargo was
 
 British
 
 property, unprotected by the capitulation, it was then the property of enemies, and as it did not consist of contraband articles, it was protected from capture, by the ordinance of Congress: The Brig, therefore, needed not to employ fraud and stratagem to give it the garb of neutrality, in order to screen it from capture.”
 

 If the offence, which the Brig has committed, consisted in employing fraud and stratagem, merely to protect property which belonged to an enemy, the objection might, in consequence of the ordinance of Congress, be of some force. But the offence is not of so limited a nature; it is far more extensive, and comprehends a flagrant violation of the rights of neutrality: It results from a fraudulent combination with
 
 British
 
 subjects, to give weight and energy to the arms of
 
 Great Britain,
 
 by the re-establishment of a commerce, and its emoluments, which she had lost by the conquest of
 
 Dominica.
 

 But, it is objected, “ The cargo is not prize, because it is not contraband, and all the other effects and goods, tho’ the property of an enemy, are exempted from capture by the ordinance of Congress.”
 

 If the
 
 Erstern
 
 had been employed in a fair commerce, such as was consistent with the rights of neutrality, her cargo, tho’ the property of an enemy, could not be prize; because Congress have said, by their ordinance, that the
 
 rights of neutrality
 
 shall extend protection to such effects and goods of an enemy. But, if the rights of neutrality are violated, Congress have not said, that such a
 
 violated neutrality
 
 shall give such protection: “Nor could they have said so, without confounding all the distinctions between right and wrong.
 

 Upon the whole, we are of opinion, that the decree below be reversed, and that the said Brig and Cargo be condemned, as prize, for the use of the captors, without costs.